# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JEREMY DEWAYNE TRAMMELL,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 5:24-cv-428-CAR-AGH |
| : | |
| **STATE PRISON SYSTEM,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## **ORDER**

Pending before the Court is a Complaint filed by *pro se* Plaintiff Jeremy Dewayne Trammell, a recently released former prisoner (ECF No. 1). On May 13, 2025, the Court ordered Plaintiff to recast his Complaint on one of the Court's standard forms to provide the Court with more information about his claims. Plaintiff was given fourteen (14) days to comply, and he was advised that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* ECF No. 7.

The time for compliance passed without a response. On June 13, 2025, Plaintiff was therefore ordered to respond and show cause why this case should not be dismissed for failure to comply with the May 13th Order. Plaintiff was also again ordered to recast his Complaint in accordance with the May 13th Order. Plaintiff was given another fourteen days to respond, and he was warned that the failure to fully and timely comply could result in the dismissal of this case. *See generally* ECF No. 8.

The time for compliance has again expired without a response from Plaintiff. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions). This action is therefore **DISMISSED without prejudice** because Plaintiff failed to comply with the Court's May 15, 2025 Order.[1]

---

[1] There is a chance that the applicable statute of limitations has run or is about to run on at least some of Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (upholding *sua sponte*

**IT IS SO ORDERED** this 28th day of July, 2025.

                                      s/ C. Ashley Royal
                                      C. ASHLEY ROYAL, SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT

---

dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (same).